IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID LOWER, *et al.* | : |
| | : |
| v. | : Civil No. CCB-14-1181 |
| | : |
| BANK OF AMERICA, N.A., *et al.* | : |

**MEMORANDUM**

On February 24, 2014, plaintiffs David and Laura Lower filed this action in the Circuit Court for Baltimore City, Maryland against Bank of America, N.A. ("Bank of America"), Specialized Loan Servicing, LLC ("SLS"), and John Doe (collectively, "defendants"), alleging defendants interfered with the Lowers' putative ownership of a property in Baltimore City and seeking both damages and a declaration that the Lowers are rightful owners of that property. Bank of America, with SLS's consent, removed to this court on April 10, 2014. Bank of America filed a motion to dismiss, and SLS filed a motion to dismiss or for summary judgment. For the reasons stated below, both motions will be granted.

**BACKGROUND**

The Lowers' complaint alleges that the Lowers own the property located at 602 South Washington Street, Baltimore, Maryland ("Property"). (Compl. ¶ 1.) The Property is allegedly inhabited by a John Doe, a "potential trespassing resident." (Compl. ¶ 2.) The Lowers allege that Doe is occupying the Property "completely without the[ir] permission" and that such occupancy constitutes trespass. (Compl. ¶ 10.) The Lowers seek $100,000 in compensatory and $50,000 in punitive damages from Doe. The Lowers also allege that each of the defendants "claim an interest in the [P]roperty adverse to" the Lowers' interest. (Compl. ¶ 6.) And, because of the defendants' interference with the Lowers' rights in the Property, the Lowers "sustain[ed]

1

damages for lost rents, write-offs of the property, and damage to the property, as well as . . . credit issues." (Compl. ¶ 8.) Accordingly, the Lowers now "seek a declaration that the title to the subject [P]roperty is vested in [the Lowers] alone and that the defendants . . . be forever enjoined from asserting any estate, right, title or interest" in the Property. (Compl. ¶ 7.) The Lowers seek $163,000 in damages for the defendants' interference.

The Lowers filed their complaint in the Circuit Court of Baltimore City, Maryland on February 24, 2014. Bank of America, with SLS's consent, removed to this court on April 10, 2014. Both Bank of America and SLS have filed motions to dismiss.[1]

## ANALYSIS

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "[A] plaintiff need not 'forecast' evidence sufficient to prove the elements of

---

[1] More precisely, SLS filed a motion to dismiss or for summary judgment.

the claim. However, the complaint must allege sufficient facts to establish those elements . . . . [and] advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters*, 684 F.3d at 439 (citations omitted) (quoting *Twombly*, 550 U.S. at 570).

The Lowers' complaint fails to meet the Rule 12(b)(6) standard as to either Bank of America or SLS. The Lowers' first count does not appear even to recite the elements of a cause of action; it is unclear what, if any, claim the Lowers are making. The Lowers do attempt to redefine, in their opposition brief, the first count as a quiet title claim. (Pls.' Opp'n 2, ECF No. 15-1 ("In this Quiet Title action . . . .").) But the Lowers are "bound by the allegations contained in [their] complaint and cannot, through the use of motion briefs, amend the complaint."[2] *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (citations omitted).

Even construed as a claim to quiet title, however, the first count fails as a matter of law. In Maryland, a quiet title action requires "clear proof of both possession and legal title in the plaintiff." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *see also* Md. Code, Real Prop. § 14-108 ("Any person in *actual peaceable possession* of property . . . may maintain a suit . . . to quiet or remove any cloud from the title, or determine any adverse claim." (emphasis added))[3]; *Porter v. Schaffer*, 728 A.2d 755, 773 (Md. Ct. Spec. App. 1999) ("In a quiet title action . . . the plaintiff, and not the defendant, must prove possession and a legal claim to title *before* the burden is shifted to the defendant to establish superior title." (emphasis in original)). Based on their allegation that John Doe is occupying and has at all relevant times

---

[2] To the extent that the Lowers attempt to introduce additional facts through the affidavit they attached to their opposition, the court disregards those facts on the same grounds.
[3] Constructive possession may be sufficient "if the property is vacant and unoccupied . . . ." Md. Code, Real Prop. § 14-108.

3

occupied the Property, (Compl. ¶¶ 2, 9, 10), the Lowers cannot plausibly allege that they have possession of the Property.[4]  Accordingly, a quiet title claim would fail.

Additionally, the Lowers' first count is made up almost entirely of legal conclusions unsupported by sufficient factual allegations.  For instance, although the Lowers claim to be the "owners and . . . entitled to possession of the [P]roperty," (Compl. ¶ 5), they not once allege in their complaint when or how they either gained, or were dispossessed of, ownership in the Property.  The Lowers also "allege that the Defendants, and each of them, claim an interest in the [P]roperty adverse to plaintiff herein[,]" (Compl. ¶ 6), but do not explain what type of interest the defendants, either individually or collectively, claim in the Property; in what way the defendants gained such an interest; or how that interest is adverse to the Lowers'.  Finally, the Lowers allege that they "were forced to sustain damages for lost rents, write-offs . . . , and damage to the [P]roperty, as well as leaving [the Lowers] with credit issues[,]" (Compl. ¶ 8), without providing any supporting facts.  While the court is aware that it must accept as true all factual allegations, the Lowers' allegations are "conclusory statements . . . not sufficient to survive a motion made pursuant to Rule 12(b)(6)."  *Walters*, 684 F.3d at 439 (quoting *Iqbal*, 556 U.S. at 678); *see also Johnson v. City of Shelby, Miss.*, --- S. Ct. ----, 2014 WL 5798626, at *1 (Nov. 10, 2014) (per curiam) ("A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility.").

Finally, the Lowers do not request leave to amend the complaint.  Even if they did, nothing in their opposition or their affidavit explains how they would state a plausible claim.

---

[4] In trying to keep their quiet title claim afloat, the Lowers, in their opposition, make the contradictory statement that "the Plaintiffs are in peaceable possession of their property . . . ."  (Pls.' Opp'n 2.)

## CONCLUSION

For the reasons stated above, both Bank of America's and SLS's motions to dismiss will be granted.  Further, because the Lowers have so far failed to serve or even identify John Doe, and neither Bank of America nor SLS are named in the trespass claim in count two, that count also will be dismissed.[5]

A separate Order follows.

November 21, 2014                              /S/
       Date                                   Catherine C. Blake
                                                  United States District Judge

---

[5] Even if the second count alleged that Bank of America or SLS were involved, it is an even more conclusory "formulaic recitation" of the elements of trespass that simply "will not do." *Twombly*, 550 U.S. at 555.  In three sentences, the Lowers allege that John Doe is "apparently living in the [P]roperty at issue[,]" that such "occupancy is completely without the permission of the [Lowers,]" and that "[d]amage have [sic] been caused by this trespass . . . ." (Compl. ¶¶ 9-11.)  This restatement of the elements of a trespass action, without any supporting facts, fails.